Seitz et al., Appellants, *v.* Pier.

*Will—Life estate—Fee simple.*

Testator gave all his estate real and personal to his wife during her natural life, to have and control the same and receive all the rents and revenue of the aforesaid estate, and after her death, to his sons, Daniel and George, "the whole of the aforesaid property to them and to their heirs forever, to be equally divided between them, share and share alike." A codicil directed as follows : " In order to prevent any strife or contention, and make more definite the division of my property on the demise of my widow, it is my desire and I do hereby bequeath the whole of the estate to the said Daniel Seitz and George Seitz (both real and personal), and each to have and possess one-half, and said Daniel Seitz's share to be equally divided among his, the said Daniel's children, and the other, or George Seitz's share to be equally divided between them, his, the said George's children." *Held*, that there was nothing in the codicil showing an intent to cut down the fee previously given to the sons.

Argued Nov. 7, 1892.    Appeal, No. 232, Oct. T., 1892, by plaintiffs, Allen E. Seitz et al., from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 27, for defendants, R. W. Pier et al., non obstante veredicto.    Before PAXSON, C. J., WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment for a lot of ground in Pittsburgh.

At the trial it appeared that both parties claimed the land under George Seitz who died in February, 1891.    Plaintiffs are the child and grandchildren of George Seitz, and defendants are in possession under a lease from him dated Jan. 10, 1881, for the term of twenty years from April 1, 1881.    Christian Seitz, the father of George Seitz, died in 1865, seized in fee of the land in controversy.    The terms of Christian Seitz's will are stated in the opinion of the Supreme Court.    The court directed a verdict for plaintiff, subject to the question reserved whether George Seitz took a life estate or fee under his father'ఽ

will. The court subsequently entered judgment non obstante veredicto for defendants.

*Error assigned* was entry of judgment.

*James Bredin,* for appellants, cited: Urich v. Merkel, 81 Pa. 334; Fox v. Dunmon, 4 Phila. 323; Coursey v. Davis, 46 Pa. 25; Wolford v. Morgenthal, 91 Pa. 30; White v. Williamson, 2 Grant, 249.

*Pier & Blair,* for appellees, not heard, cited: McKeehan v. Wilson, 53 Pa. 74; Varner's Ap., 87 Pa. 422; Reifsnyder v. Hunter, 19 Pa. 41; Walker v. Vincent, 19 Pa. 369; 2 Jarman on Wills,*841; Burt v. Herron, 66 Pa. 400; Homet v. Bacon, 126 Pa. 176; Bowlby v. Thunder, 105 Pa. 173; Smith's Ap., 23 Pa. 9; Doebler's Ap., 64 Pa. 9; Fulton v. Fulton, 2 Gr., Pa. 28; Caldwell v. Skilton, 13 Pa. 152; Biddle's Est., 28 Pa. 59; Schoonmaker v. Stockton, 37 Pa. 461; Shut v. Rambo, 57 Pa. 149; Waught's Ap., 78 Pa. 436; McCormick v. McElligott, 127 Pa. 230; Morrison v. Truby, 145 Pa. 540; Horwitz v. Norris, 60 Pa. 281.

PER CURIAM, January 3, 1893:

The only question here is, whether Daniel and George Seitz took an estate in fee under their father's will, subject to the life estate of the widow, or whether they merely took an estate for life subject to that life estate with a remainder to their children.

The learned judge below held that they took an estate in fee to the real estate in controversy subject to a life estate in the widow.

By the second paragraph of his will Christian Seitz, the testator, gave all his estate, real and personal, to his wife, Louisa, during her natural life, to have and control the same and receive all the rents and revenue of the aforesaid estate.

. By the third paragraph of the will he gives the whole of his estate after the death of his wife to his sons, Daniel and George, " to them and to their heirs forever to be equally divided between them share and share alike."

This is as clear as language can make it. He gives an estate to his wife for life with the remainder to his sons in fee. After

making this clear distribution of his property, and after formally executing his will, the testator added the following additional paragraph to it: " In order to prevent any strife or contention and make more definite the division of my property on the demise of my widow, the aforesaid Louisa, it is my desire and I do hereby bequeath the whole of the estate to the said Daniel Seitz, and George Seitz (both real and personal) and each to have and possess one half, and said Daniel Seitz's share to be equally divided among his, the said Daniel's children, and the other or George Seitz's share, to be equally divided between them, his, the said George's children.

" The above and last written eight lines were added at my request, and hereunto I have affixed my hand in the presence of the above and the following witnesses, who saw my signature acknowledged by me, and who have witnessed the same in my presence and in the presence of each other."

This attempt of the testator to make clear that which was not doubtful, is the cause of the present trouble. He has himself created the " strife or contention " which, by this codicil, he sought to prevent. The only rational ground upon which we can account for his action in making the codicil was the fear on his part that after the death of Daniel and George the property might go to their heirs per capita instead of per stirpes. He therefore provides that Daniel's share should go to Daniel's children, and that the share of George shall go to the children of George. There is nothing in the codicil which shows that he intended to cut down the fee, before given to his sons, to a life estate. When he desired to give a life estate, he knew how to do so in appropriate language, as the devise to his wife clearly shows.

We think the judgment was properly entered for the defendants, and it is

Affirmed.